IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-199-FL

| | |
|---|---|
| NANNETTE F. BUCKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) **MEMORANDUM &** |
| JACOB LEW, Secretary, Department | ) **RECOMMENDATION** |
| of the Treasury, MARIAM G. HARVEY, | ) |
| JACQUILINE A. BERRIEN, and | ) |
| ROBERT L. HUNT, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Defendants' motion to dismiss Plaintiff's complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted [DE #9]. Plaintiff has filed a response in opposition to Defendants' motion, Defendants have replied, and the time for further filings has expired. Where this matter has been referred to the undersigned and the parties have not consented to the jurisdiction of the magistrate judge, Defendants' motion is undertaken pursuant to 28 U.S.C. § 636(b)(1)(B) for a memorandum and recommendation. For the reasons set forth below, it is recommended that Defendants' motion be granted in part and denied in part.

## **BACKGROUND**

Nannette Buckner ("Buckner" or "Plaintiff") was formerly employed with the Internal Revenue Service ("IRS") as a Revenue Officer (GS-12).[1] In or around April 2008, Buckner applied for a promotion to Revenue Officer (GS-13). Determined to be one of four "best qualified" candidates, Buckner was interviewed but was ultimately not selected for the position.

---

[1] Buckner retired on December 31, 2010, with thirty-six years of federal service.

In July 2008, Buckner filed a complaint of discrimination with the United States Department of Treasury ("Treasury Department" or "Agency"), asserting that she was denied the promotion because of her age, gender and disability.[2] Thereafter, Buckner added allegations of reprisal and harassment/hostile work environment. The Agency completed its investigation in March 2009. On Buckner's request, a hearing was held before an Administrative Judge with the Equal Employment Opportunity Commission ("EEOC") over a period of three days in February and April 2010. On January 5, 2011, the Administrative Judge issued his decision, determining that Buckner had "fail[ed] to establish that she was subjected to unlawful discrimination based on age, sex, harassment/hostile work environment, or in reprisal for her EEO activity."[3] (*See* Admin. J. Decision, attached as Ex. to Pl.'s Compl. [DE #1-4] at 14.) The Agency issued its final order adopting the Administrative Judge's findings. Buckner appealed the Agency's final order and, on December 19, 2012, the EEOC issued a decision affirming the Agency's final order. (*See* EEOC Decision, attached as Ex. to Pl.'s Compl. [DE #1-12].)

On March 19, 2013, Plaintiff, proceeding *pro se*, instituted this action against the following defendants: Timothy F. Geithner, Secretary of the Treasury Department;[4] Mariam G. Harvey ("Harvey") of the Treasury Department's Office of Civil Rights and Diversity; Jacqueline A. Berrien ("Berrien"), Chair of the EEOC; and Robert L. Hunt ("Hunt"), Area Director of the South

---

[2] Although it is not entirely clear, it appears as though Plaintiff's disability claim was based on vision impairment and was premised upon allegations that she was not allowed to have personal belongings, including reading glasses, when completing the written examination portion of the job interview.

[3] Prior to the Administrative Judge's decision, Buckner withdrew her claim of disability discrimination. (*See* Admin. J. Decision at 2 n.2; EEOC Decision at1 n.1.)

[4] On April 24, 2013, the court granted Buckner's motion to amend her complaint to substitute Jacob Lew for Secretary Geithner following Defendant Lew's appointment as Secretary of the Treasury Department. (*See* Order [DE #7].)

Atlantic Area Collections Division of the IRS. (*See* Compl. [DE #1] at 1-2.) Plaintiff brings suit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") seeking redress for the denial of her application for promotion and alleged reprisal.[5] (*Id*. at 3.) She complains about "[n]umerous and egregious acts of retaliation for participating in the EEO process," the denial of a timely investigation of her claims by the Treasury Department, the denial of a timely EEOC hearing, negligence by the Treasury Department in failing to implement certain EEOC guidelines, a hostile work environment, and conspiracy to interfere with her civil rights under 42 U.S.C. § 1985(1) and (3). (*Id*. at 3-4.) Plaintiff also asserts claims of individual liability against defendants Harvey, Berrien and Hunt pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). (*Id.* at 1-3.)

Defendants move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[6]

## DISCUSSION

**I.      Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint or any claims contained therein that fail to state a claim upon which relief can be granted. The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v.*

---

[5]Plaintiff does not allege that the promotion denial was based on gender as she did in the EEOC proceedings. Thus, her citation to Title VII appears to be in connection with her claims of reprisal.

[6]Defendants alternatively moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(5) for insufficiency of service of process. Defendants have since withdrawn that argument. (*See* Defs.' Supplemental Reply Supp. Mot. Dismiss [DE #28] at 2.)

3

*Pardus,* 551 U.S. 89, 94 (2007). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 872 (4th Cir.1989) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). While *pro se* complaints should be liberally construed, they are not exempt from the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to survive a 12(b)(6) motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 544. A complaint need not contain detailed factual allegations, but it must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. It requires the plaintiff to articulate facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. Age Discrimination Claim

Plaintiff's age discrimination claim is governed by § 15 of the ADEA, which provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . in executive agencies . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). Absent direct evidence of age discrimination, courts in the Fourth Circuit apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*,

4

411 U.S. 792 (1973). *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006). Under this framework, the plaintiff bears the burden of establishing a prima facie case of discrimination based on disparate treatment. *Burns v. AAF-McQuay, Inc.*, 96 F.3d 728 (4th Cir. 1996). To make out a prima facie case of age discrimination with respect to a hiring or promotion decision, a plaintiff must demonstrate (1) that she is a member of the protected class (*i.e.* that she is at least forty years of age); (2) that she applied for an open position; (3) that she was qualified for the position but was not selected; and (4) the position remained open or was filled by a similarly qualified candidate who is substantially younger than the plaintiff. *Laber*, 438 F.3d at 430. If a prima facie case is established, then an inference of discrimination arises and the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. *McDonnell Douglas*, 411 U.S. at 802. The employer's burden is one of production, not of persuasion. *Henson v. Liggett Group, Inc.*, 61 F.3d 270, 274-75 (4th Cir. 1995). Therefore, the employer is not required to prove the absence of discriminatory motive. *Id.*

"The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002). As Justice Thomas noted in *Swierkiewicz*:

> [I]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima face case. . . .
>
> . . . .
>
> Furthermore, [requiring a plaintiff to plead facts establishing a prima facie case under *McDonnell Douglas*] conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." This simplified notice pleading standard

5

relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

*Swierkiewicz*, 534 U.S. at 511-12 (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (citation omitted). Nevertheless, a plaintiff must include in her complaint "enough factual allegations to state a claim to relief that is plausible, not merely speculative." *Ray v. Amelia Cnty. Sheriff's Office*, 302 F. App'x 209, 211 (4th Cir. 2008).

Defendants argue that Buckner's complaint fails to state a claim of age discrimination because "it is devoid on its face of any allegation that the eventual selectee was substantially younger than Buckner." (Mem. Supp. Mot. Dismiss [DE #10] at 10.) As noted in *Swierkiewicz*, the key question here is not whether Plaintiff has alleged facts to support a prima facie case. Rather, the court's inquiry at this stage of the proceedings is whether Plaintiff has alleged sufficient facts to state a plausible age discrimination claim and to provide Defendants with fair notice of that claim. Were the court's review limited solely to Plaintiff's twenty-page document entitled "Complaint," the undersigned might be persuaded that Buckner has failed to state a plausible claim of age discrimination due to the absence in that document of any facts to support Buckner's conclusory allegation that she was treated differently based on her age. However, the court's review is not so limited in this case because Plaintiff has attached to and incorporated into her complaint over 2,200 pages of exhibits, including various documents related to the Agency's investigation and the EEOC administrative proceeding below. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); 5B Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1357 (3d ed. 2004) (indicating that courts should consider exhibits attached to a complaint in resolving a 12(b)(6) motion), *cited with approval in Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

6

A review of the documents incorporated into Plaintiff's complaint reveals that Plaintiff was fifty-four at the time of the personnel decision of which she complains, that she applied for an open GS-13 Revenue Officer position, and that she was found to be one of four "best qualified" candidates. The other candidates were fifty-four, forty-nine, and forty-five years of age. (*See* Admin. J. Decision [DE #1-4] at 3.) Each of the candidates completed a written examination and personal interview with the selection panel, which was composed of three supervisors, all of whom were younger than Plaintiff. Following this process, the selection panel recommended promotion of the youngest candidate.

In *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996), the Supreme Court held that a disparate treatment claim alleging a discriminatory hiring decision must be supported by evidence that the individual selected for the position is "substantially younger" than the plaintiff. "In the age-discrimination context, such an inference [of illegal discriminatory motive] cannot be drawn from the replacement of one worker with another worker insignificantly younger." *O'Connor*, 517 U.S. at 313.

While the Supreme Court did not elaborate on the age disparity necessary to support a finding that an individual is "substantially younger," there seems to be general agreement among the courts that a disparity of ten or more years is "substantial." *See Grosjean v. First Energy Corp.*, 349 F.3d 332, 336-37 (6th Cir. 2003) (collecting cases). However, it is unclear whether an age gap of nine years, alone, is sufficient to meet the "substantially younger" prong of the *McDonnell Douglas* standard. *See Girten v. McRentals, Inc.*, 337 F3d 979, 981 (8th Cir. 2003) (stating that nine-year age difference "may not be significant enough to demonstrate age discrimination"); *cf. Kess v. Municipal Employees' Credit Union of Baltimore, Inc.*, 319 F. Supp.

7

2d 637, 648 (D. Md. 2004) ("It is not clear whether the age gap of eight years . . . is sufficient, in itself, to meet the 'substantially younger' standard.").

In *Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887 (7th Cir. 1997), the Seventh Circuit adopted a presumption that a ten-year difference is presumptively substantial. The *Hartley* court explained:

> While we suspect that the answer depends to some extent on the circumstances in a case, we consider a ten-year difference in ages . . . to be presumptively "substantial" under *O'Connor*. In cases where the disparity is less, the plaintiff still may present a triable claim if she directs the court to evidence that her employer considered her age to be significant. In that instance, the issue of age disparity would be less relevant. Indeed, it may not be relevant at all because the employee's case likely would be one of direct evidence, not the burden-shifting indirect evidence framework set out in *McDonnell Douglas* and applied in *O'Connor*.
>
> . . . Ten years is a reasonable threshold establishing a "significant" and "substantial" gap, which is what *O'Connor* demands. Yet the line we draw is not so bright as to exclude cases where the gap is smaller but evidence nevertheless reveals the employer's decision to be motivated by the plaintiff's age.

*Hartley*, 124 F.3d at 893.

Plaintiff's complaint alleges that the individual selected for promotion was forty-five, or nine years younger than Buckner. (*See* EEOC Investigative File, attached as Ex. to Pl.'s Compl. [DE #1-20] at 10-11.) She was also the youngest of those interviewed for the position. Yet, Plaintiff's claim does not rest solely upon the age disparity. Plaintiff has also alleged that her manager referred to Plaintiff as "the elderly lady" around the time of the promotion decision and that shortly after her non-selection, her manager wanted to know how much longer she intended to work before he decided whether to provide her with "Offers in Compromise" training. Plaintiff has provided details of the promotion selection process, the relevant dates, names and ages of the candidates considered for promotion, as well as identifying information concerning the selecting officials and others involved in the alleged discrimination. Plaintiff's allegations, taken together,

8

provide Defendants with fair notice of the nature of her ADEA claim, including the grounds upon which it rests, and state a claim for relief that is plausible, not merely speculative.

### III.     Retaliation Claims

"Like claims of age discrimination, [courts] also apply the *McDonnell Douglas* framework to claims of retaliation." *Laber,* 438 F.3d at 432. To establish a prima facie case of retaliation under either the ADEA or Title VII, a plaintiff must demonstrate that: (1) she engaged in protected activity; (2) adverse action was taken against her; and (3) there was a causal connection between the protected activity and the adverse action. *Id.* "If the plaintiff establishes a prima facie case, we then apply the remainder of the *McDonnell Douglas* test – whether the employer has produced a legitimate, non-discriminatory reason for the employee's non-selection and, if so, whether the employee can show that the reason is false, and, ultimately, that the employer retaliated against him." *Id.*

Defendants argue that Plaintiff's retaliation claims should be dismissed because Plaintiff has not alleged an adverse action. To be adverse, the employer's action must be such that "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006) (citation and internal quotation marks omitted). It need not be an "ultimate employment decision," *Prince–Garrison v. Md. Dep't of Health and Mental Hygiene,* 317 Fed. App'x 351, 354 (4th Cir. 2009), but "it is important to separate significant from trivial harms" because Title VII and the ADEA "cannot immunize [an] employee from those petty slights or minor annoyances that often take place at work and that all employees experience," *Burlington,* 548 U.S. at 68. The purpose of the anti-retaliation provisions is accomplished "by prohibiting employer actions that

9

are likely 'to deter victims of discrimination from complaining to the EEOC,' the courts, and their employers." *Burlington,* 548 U.S. at 68 (quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 346 (1997)). "Context matters" – an act that is immaterial in some situations will be material in others. *Burlington*, 548 U.S. at 68. Whether a particular act is materially adverse depends upon the circumstances of the particular case, and "should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" *Burlington*, 548 U.S. at 71 (quoting *Oncale v. Sundowner Offshore Svcs., Inc*., 523 U.S. 75, 81 (2004) (internal quotation marks omitted).

In support of her retaliation claim, Plaintiff alleges that her manager attempted to dissuade her from pursuing her EEO complaint by telling Plaintiff that she might "win the battle, [but] would lose the war" and that he "would hate to see the quality of [her] work suffer due to spending time and energy on an EEO complaint." (Compl. at 6.) Plaintiff also alleges that after filing her EEO complaint, she received a negative quality review, which was retracted after Plaintiff challenged it; that she was assigned a larger caseload than coworkers at the same grade level; that she was removed from a case without notice immediately prior to a scheduled meeting with a taxpayer and the taxpayer's attorney; that her manager refused to approve work submitted by Plaintiff and raised his voice at her; that Hunt repeatedly attempted to meet with Plaintiff to discuss the promotion decision that formed the basis of Plaintiff's EEO complaint; and that management refused to excuse Plaintiff from a Town Hall meeting called by Hunt just days before Plaintiff's EEOC hearing, notwithstanding that Hunt was named as a discriminating official in Plaintiff's EEO complaint. (Compl. at 6-7.)

Plaintiff has alleged that over a relatively short period of time, management engaged in a number of retaliatory acts. Whether the alleged acts were materially adverse depends upon the

10

Case 5:13-cv-00199-FL Document 34 Filed 02/06/14 Page 10 of 16

circumstances and "should be judged from the perspective of a reasonable person in [Plaintiff's] position."  *Burlington N.*, 548 U.S. at 71.  When considered in isolation, it may be that none of the acts alleged by Plaintiff would rise to the level of material adversity.  Taken together and viewed in the light most favorable to Plaintiff, however, the acts tend to take on a different flavor.  Considering the proximity between the various acts of alleged retaliation and Plaintiff's EEO activity, including an upcoming administrative hearing, the acts alleged in Plaintiff's complaint are such that a reasonable person "well might have been dissuaded . . . from making or supporting a charge of discrimination."  *See Burlington*, 548 U.S. at 68.  Accordingly, Defendants' motion to dismiss Plaintiff's retaliation claims should be denied.

**IV.    Hostile Work Environment Claim**

Plaintiff's allegations are not sufficient, though, to support a hostile work environment claim.  Plaintiff's inartfully drafted complaint makes it difficult for the court to discern the basis of her hostile work environment claim.  However, even liberally construing Plaintiff's *pro se* complaint and viewing all allegations as true, Plaintiff has failed to state a plausible hostile work environment claim.

A hostile work environment is a workplace so "permeated with 'discriminatory intimidation, ridicule, and insult' . . . that [it] is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citations omitted).  "[W]hether an environment is sufficiently hostile or abusive [is determined] by 'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

11

employee's work performance.'"  *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (quoting *Harris*, 510 U.S. at 23).

Plaintiff has alleged that her supervisors discriminated against her based on her age and engaged in a number of alleged acts of reprisal.  As set forth above, the acts alleged by Plaintiff are sufficient to state claims of age discrimination and retaliation.  However, these acts, even viewed together, are simply not sufficiently severe or pervasive to have altered the conditions of Plaintiff's employment or to have created a workplace atmosphere that was objectively abusive.  As such, Plaintiff has failed to state a facially plausible hostile work environment claim and the claim should be dismissed.

**V.**    ***Bivens* Claims**

Plaintiff also asserts claims against Defendants Hunt, Berrien and Harvey in their individual capacities pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  "A *Bivens* action is a judicially created damages remedy designed to vindicate violations of constitutional rights."  *Zimbelman v. Savage*, 228 F.3d 367, 370 (4th Cir. 2000).  Such a remedy is not available, though, where there are "special factors counseling hesitation in the absence of affirmative action by Congress," *Bivens*, 403 U.S. at 396, or "Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective," *Carlson v. Gr*een, 446 U.S. 14, 18-19 (1980).  Federal employment is a "special factor" counseling against *Bivens* liability.  *Zimbelman*, 228 F.3d at 370.  Because there exists a "comprehensive set of procedural and substantive provisions governing the rights of federal employees, it would be inappropriate 'to supplement that regulatory scheme with a new judicial remedy.'"  *Id.* (quoting *Bush v. Lucas*, 462 U.S. 367, 368 (1983)).

12

### A. Claim against Defendant Hunt

Plaintiff's *Bivens* claim against Hunt indisputably arises out of Plaintiff's employment with the IRS. Plaintiff asserts that Hunt "engaged in a pattern of retaliation," and "attempted to harass and intimidate me and my witnesses that were called during the EEOC hearing (all of whom were his employees). His conduct, given his position as one of the most experienced senior executives of the IRS, was especially egregious, malicious and intentional . . . ." (Pl.'s Resp. Opp. Mot. Dismiss [DE #15] at 5.) Because *Bivens* liability does not lie for conduct arising out of federal employment, Plaintiff has failed to state a cognizable claim against Hunt, individually.

### B. Claims against Defendants Berrien and Harvey

Plaintiff's *Bivens* claims against Defendants Harvey and Berrien similarly fail. Plaintiff seeks to hold these officials individually liable for violating her rights to a timely investigation and EEOC hearing, respectively. Although related to the processing of her EEO complaint, Plaintiff's claims against Harvey and Berrien also arise from her employment with the IRS. The fact that Plaintiff is suing individuals other than her supervisors for conduct related to the administrative review of an employment decision is irrelevant. "The salient fact . . . is that the wrongful acts [the plaintiff] alleges were taken against her arose out of her federal employment relationship." *Hall v. Clinton*, 235 F.3d 202, 205 (4th Cir. 2000); *see also Zimbelman*, 228 F.3d 367 (*Bivens* remedy not available to dismissed employee suing individuals involved in internal investigation).

Additionally, Plaintiff was not required to pursue her ADEA claim through the Agency's EEO process. She could have filed suit in a court of competent jurisdiction after giving a thirty-day notice of her intent to sue. 29 U.S.C. § 633a(d). Thus, Plaintiff had an alternative remedy available to her. It is not relevant that the remedies available may have been inadequate

13

or that Plaintiff believes them to be so.  *Zimbelman*, 228 F.3d at 371 (declining to create *Bivens* remedy even where procedures for reviewing employment decisions were inadequate).

Moreover, respondeat superior liability is not applicable to *Bivens* actions.  Liability is available under *Bivens* only where the defendant was *personally* involved in the constitutional violation.  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  Plaintiff's complaint fails to allege any facts to suggest that Defendant Berrien, Chair of the EEOC, or Defendant Harvey, head of the Treasury Department's Office of Civil Rights and Diversity, were in any way *personally* involved in the investigation, processing, or resolution of Plaintiff's EEO charge.  Therefore, Plaintiff has failed to state a *Bivens* claim against these defendants.

## VI.   Other Claims

### A.   Section 1985 Claims

Plaintiff also seeks to assert claims against Defendants Berrien and Harvey under 42 U.S.C. § 1985(1) and (3).  Section 1985 provides a cause of action "to those injured by conspiracies formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 827 (1983) (quoting 42 U.S.C. § 1985). To plead a violation of § 1985, a plaintiff must state "specific facts that the defendants were 'motivated by a specific class-based, invidiously discriminatory animus'" to deprive the plaintiff of "'the equal enjoyment of rights secured by the law to all.'" *Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)).  A bare assertion of conspiracy is not sufficient. *Twombly*, 550 U.S. at 556.  To survive 12(b)(6) dismissal, a conspiracy claim must provide plausible grounds from which the existence of an agreement may be inferred. *Id.* at 556-57.

With regard to her § 1985 claims, Plaintiff complains of a conspiracy between "Ms. Berrien and unnamed subordinates" and "Ms. Harvey and unnamed subordinates." (Compl. at 3.) Based on the other allegations in her complaint, it would appear that Plaintiff's § 1985 claims relate to the Agency's investigation and the EEOC's processing of Plaintiff's discrimination complaint. However, Plaintiff has articulated no facts to support the existence of an agreement between either of these defendants and any other person, nor has she alleged any facts to show the purpose of any such conspiracy. Plaintiff, therefore, fails to state a claim for relief under § 1985. *See Gooden v. Howard County, Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992) (en banc) (requiring specific facts to support alleged § 1985 conspiracy).

### B. Negligence Claim

In her complaint, Plaintiff states as an additional basis for her suit: "Negligence of the Agency to implement the key provisions of MD-715, which provides for an alternate source from whom I could seek assistance and guidance, other than the EEO process, or management officials. As a result of the negligence, I was subjected to another act of retaliation." (Compl. at 3.) To the extent this averment is intended to state a stand-alone negligence claim and is not included simply to provide additional factual support for Plaintiff's other claims, this claim fails. As a sovereign entity, the United States is immune from suit unless it has consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). With respect to claims grounded in "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," the United States has waived its immunity only where the claimant first submits an administrative tort claim with the appropriate agency. *See* 28 U.S.C. § 2675(a). Absent submission of an administrative claim, the court lacks subject matter jurisdiction over the plaintiff's claims. *Plyler v. United States*, 900 F.2d 41 (4th Cir. 1990). Because Buckner has

failed to establish that she has complied with the requirements set forth in 28 U.S.C. § 2675(a), the court is without jurisdiction to consider any negligence claim that may be raised by Plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Defendants' motion to dismiss [DE #9] be GRANTED in part and DENIED in part. Specifically, it is recommended that Defendants' motion to dismiss Plaintiff's age discrimination and retaliation claims against Jacob Lew, Secretary of the United States Department of Treasury, be DENIED and that Defendants' motion to dismiss Plaintiff's remaining claims be GRANTED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of service to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 6th day of February 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge