IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-199-FL

| | |
|---|---|
| NANETTE F. BUCKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JACOB J. LEW, Secretary, Department of ) | |
| the Treasury; MARIAM G. HARVEY, ) | |
| Department of the Treasury; ) | |
| JACQUELINE A. BERRIEN; ROBERT ) | |
| L. HUNT, Area Director, South Atlantic ) | |
| Area, Collections Operations, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (DE 10). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R") wherein it is recommended that defendants' motion be granted in part and denied in part. Plaintiff and defendants have filed objections to the M&R. In this posture, the matter is ripe for ruling. For the reasons stated below, the court adopts the recommendation in the M&R.

**BACKGROUND**

The court incorporates herein and updates the background summary provided in the M&R, where neither plaintiff nor defendants object to the information provided therein. Plaintiff formerly

was employed with the Internal Revenue Service ("IRS") as a Revenue Officer (GS-12).[1]  In or around April 2008, plaintiff applied for a promotion to Revenue Officer (GS-13).  Determined to be one of four "best qualified" candidates, plaintiff was interviewed but ultimately was not selected for the position.

In July 2008, plaintiff filed a complaint of discrimination with the United States Department of Treasury ("Treasury Department" or "Agency"), asserting that she was denied the promotion because of her age, gender and disability.[2]  Thereafter, plaintiff added allegations of reprisal and harassment/hostile work environment.  The Agency completed its investigation in March 2009.  On plaintiff's request, a hearing was held before an administrative judge with the Equal Employment Opportunity Commission ("EEOC") over a period of three days in February and April 2010.  On January 5, 2011, the administrative judge issued a decision, determining that plaintiff had "fail[ed] to establish that she was subjected to unlawful discrimination based on age, sex, harassment/hostile work environment, or in reprisal for her EEO activity."  (Compl., Ex., DE 1-4, at 14).[3]  The Agency issued its final order adopting the administrative judge's findings.  Plaintiff appealed the Agency's final order and, on December 19, 2012, the EEOC issued a decision affirming the Agency's final order.  (Compl., Ex., DE 1-12).

---

[1] Plaintiff retired on December 31, 2010, with thirty-six years of federal service.

[2] Although it is not entirely clear, it appears as though plaintiff's disability claim was based on vision impairment and was premised upon allegations that she was not allowed to have personal belongings, including reading glasses, when completing the written examination portion of the job interview.

[3] Prior to the administrative judge's decision, plaintiff withdrew her claim of disability discrimination. (See DE 1-4 at 2 n.2; DE 1-12 at1 n.1).

2

On March 19, 2013, plaintiff, proceeding *pro se*, instituted this action against the following defendants: Timothy F. Geithner, Secretary of the Treasury Department;[4] Mariam G. Harvey ("Harvey") of the Treasury Department's Office of Civil Rights and Diversity; Jacqueline A. Berrien ("Berrien"), Chair of the EEOC; and Robert L. Hunt ("Hunt"), Area Director of the South Atlantic Area Collections Division of the IRS. (Compl. at 1-2). Plaintiff brings suit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") seeking redress for the denial of her application for promotion and alleged reprisal. (Id. at 3).[5] She complains about "[n]umerous and egregious acts of retaliation for participating in the EEO process," the denial of a timely investigation of her claims by the Treasury Department, the denial of a timely EEOC hearing, negligence by the Treasury Department in failing to implement certain EEOC guidelines, a hostile work environment, and conspiracy to interfere with her civil rights under 42 U.S.C. § 1985(1) and (3). (Id. at 3-4). Plaintiff also asserts claims of individual liability against defendants Harvey, Berrien and Hunt pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). (Id. at 1-3).

Defendants move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[6] The motion has been fully briefed. In addition, plaintiff filed a motion for bench trial. On September 6, 2013, the court denied plaintiff's

---

[4] On April 24, 2013, the court granted plaintiff's motion to amend her complaint to substitute Jacob Lew for Secretary Geithner following Defendant Lew's appointment as Secretary of the Treasury Department. (DE 7).

[5] Plaintiff does not allege that the promotion denial was based on gender as she did in the EEOC proceedings. Thus, her citation to Title VII appears to be in connection with her claims of reprisal.

[6] Defendants alternatively moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(5) for insufficiency of service of process. Defendants have since withdrawn that argument. (See Defs.' Supplemental Reply Supp. Mot. Dismiss, DE 28 at 2). In addition, while defendants stated in their initial reply memorandum that they moved in the alternative for summary judgment, the court directed defendants to clarify, and in supplemental memorandum defendants confirmed that they do not seek summary judgment in the alternative. (Id.).

3

motion for bench trial, as premature in advance of ruling on motion to dismiss, and the court referred the motion to dismiss for M&R.

In the M&R, it is recommended that the court grant in part and deny in part defendants' motion to dismiss. In particular, it is recommended that the court deny defendants' motion to dismiss as to plaintiff's ADEA claim and Title VII retaliation claim against defendant Lew. It is recommended that the court grant defendants' motion to dismiss as to all plaintiff's remaining claims, including all claims against defendants Harvey, Berrien, and Hunt.

## DISCUSSION

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to eliminate claims that are factually or legally insufficient. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678

4

(quoting Twombly, 550 U.S. at 570). In evaluating whether a claim is stated, "a court accepts all well-pled facts as true and construes these facts in the light most favorable" to the plaintiff, but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id.

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either assert the complaint fails to state facts upon which subject matter jurisdiction may be based or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219.

B.  Analysis

Defendants object to the recommendation in the M&R to deny their motion to dismiss as to plaintiff's ADEA claim and Title VII retaliation claim against defendant Lew. Plaintiff objects to the recommendation in the M&R to grant defendants' motion to dismiss as to plaintiff's hostile work environment claim, but does not object to dismissal of the remainder of her claims. As to dismissal of those claims for which plaintiff does not raise objection, upon careful review of the record, finding no clear error, the court ADOPTS and incorporates herein the recommendation of the magistrate judge. The court turns next to address the parties' objections regarding the remaining claims.

1.    ADEA Claim

Defendants object to the recommendation in the M&R to allow plaintiff's ADEA claim to proceed. In particular, defendants argue that the age disparity between plaintiff and the selectee in this case is insufficient as a matter of law to establish age discrimination. To make out a prima facie case of age discrimination, plaintiff must demonstrate, *inter alia,* that the position for which she applied was filled by a similarly qualified applicant who was "substantially younger" than the plaintiff. Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006) (citing O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 310-312 (1996)). In describing the "substantially younger" element of an ADEA claim, the Supreme Court has held that an inference of discrimination cannot be drawn where the selectee is "insignificantly younger" than the plaintiff. O'Connor, 517 U.S. at 313.

The Supreme Court has not specified, however, at which numerical point in years a selectee is "insignificantly younger" or "substantially younger" than a plaintiff. See id. Circuit courts have not established a uniform bright-line rule. See, e.g., Grosjean v. First Energy Corp., 349 F.3d 332, 336 (6th Cir. 2003) ("Age differences of ten or more years have generally been held to be sufficiently substantial."); Girten v. McRentals, Inc., 337 F.3d 979, 981 (8th Cir. 2003) (observing that a nine-year age difference "may not be significant enough to demonstrate age discrimination"). The Fourth Circuit has not directly spoken on this issue. See Pilger v. D.M. Bowman, Inc., 833 F. Supp. 2d 489, 497 (D. Md. 2011) (noting gap of eight years could be considered "substantially younger") aff'd, 521 F. App'x 307 (4th Cir. 2013) (affirming verdict for defendant following jury trial on ADEA claim); Kess v. Mun. Employees Credit Union of Baltimore, Inc., 319 F. Supp. 2d 637, 648 (D. Md. 2004) ("It is not clear whether the age gap of eight years between the two employees is sufficient, in itself, to meet the 'substantially younger' standard.").

6

In this case, based upon the allegations in the complaint and the exhibits attached thereto, the individual selected for promotion was forty-five (45), when plaintiff was fifty-four (54), or a nine-year age disparity.[7] In light of the cases cited above which do not establish a bright-line rule, this age disparity is not so insignificant in itself to warrant dismissal of plaintiff's ADEA claim as a matter of law.

Defendants also object to the discussion in the M&R regarding other facts alleged in the complaint and exhibits, which the M&R notes are additional allegations upon which plaintiff's ADEA claim rests. Defendants undertake a detailed assessment of the evidence in the exhibits to the complaint, including evidence surrounding the allegation that plaintiff's manager referred to her as "the elderly lady." (Defs.' Obj. at 5-7). Defendants also examine evidence in the exhibits bearing upon defendants' knowledge of plaintiff's age and the selection process. (Id. at 7). The court finds this assessment better suited to a later stage of the case, where the court may have occasion to examine the evidence in the record as a whole to determine whether a genuine issue of fact remains for trial. The present ruling serves only as determination that plaintiff has "'state[d] a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). It does not address such "contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

In sum, defendant's objections are overruled and defendant's motion to dismiss plaintiff's ADEA claim is denied.

---

[7] Defendants suggest that because plaintiff's complaint does not expressly allege that the selectee was substantially younger than plaintiff, nor specify the age difference, the complaint must be dismissed on this basis alone. But, the court must not only consider the allegations in the complaint, but the exhibits attached thereto, see Fed. R. Civ. P. 10(c), which here set forth information about the nine-year age difference between plaintiff and the selectee. See DE1-20 at 11; DE 1-4 at 3. Although there is some discrepancy in the exhibits regarding plaintiff's date of birth, see id., for purposes of the motion to dismiss, the court assumes a nine-year age disparity.

2. Title VII Retaliation Claim

In the M&R, it is noted that plaintiff supports her retaliation claim on the basis of multiple categories of retaliatory acts, and that these alleged retaliatory acts taken together are sufficient to support a Title VII retaliation claim. Defendant objects to this assessment on the basis that plaintiff did not exhaust administrative remedies as to all of the allegations of retaliation because she did not raise them all before the EEOC. Defendants thus argue that the portion of plaintiff's claim resting on these allegations of retaliation should be dismissed for lack of subject matter jurisdiction, under Rule 12(b)(1). As for the remaining allegations, defendants argue that these are insufficient to state a claim for retaliation because they do not constitute an adverse employment action.

Generally, "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Nevertheless, where a plaintiff timely files an EEOC charge of discrimination, "the scope of a Title VII lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." Id. at 302 (quoting Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992)). Accordingly, where a plaintiff timely files an EEOC charge of discrimination, "a plaintiff may raise the retaliation claim for the first time in federal court," provided that the a retaliation count relates to and has grown out of the EEOC charge while the administrative charge remained pending. Nealon, 958 F.2d at 590; see Jones, 551 F.3d at 304 (holding that alleged retaliatory termination not raised in EEOC charge nonetheless could be alleged as basis for retaliation claim in federal lawsuit, where the retaliatory termination was "merely the predictable culmination" of earlier-alleged retaliatory conduct).

As noted in the M&R, plaintiff alleges the following actions in support of her retaliation claim:

1. Plaintiff's manager attempted to dissuade her from pursuing her EEO complaint by telling plaintiff that she might "win the battle, [but] would lose the war" and that he "would hate to see the quality of [her] work suffer due to spending time and energy on an EEO complaint." (Compl. 6).

2. Plaintiff received a negative quality review, after filing her EEO complaint, which was retracted only after plaintiff challenged it.

3. Plaintiff was assigned a larger caseload than coworkers at the same grade level.

4. Plaintiff was removed from a case without notice immediately prior to a scheduled meeting with a taxpayer and the taxpayer's attorney.[8]

5. Plaintiff's manager refused to approve work submitted by plaintiff and raised his voice at her.

6. Defendant Hunt repeatedly attempted to meet with plaintiff to discuss the promotion decision that formed the basis of plaintiff's EEO complaint.

7. Management refused to excuse plaintiff from a town hall meeting called by Hunt just days before plaintiff's EEOC hearing in February 2010, notwithstanding that Hunt was named as a discriminating official in plaintiff's EEO complaint. (Compl. 6-7).

Defendants argue that all but the last two enumerated actions were not exhausted because they were "not submitted during the administrative process." (Mem. in Sup. M. to Dismiss at 9). In support of this proposition, defendants cite to a listing of claims in the administrative judge decision, issued January 5, 2011. That decision notes, however, that "[i]n reaching the decision, all evidence was reviewed and considered whether or not specifically mentioned." (DE 1-4 at 3). Furthermore, the EEOC decision notes:

---

[8] Plaintiff asserts, "[c]onversely, without any discussion, [her supervisor] assigned her a case from another employee, which had short deadlines, involved complexity, and which demanded her immediate attention," which "was a distraction from her other cases, consumed her time, and [] forced her to stop other activities until she could get a handle on the case." (Obj. 7).

9

> Regarding Complainant's various motions to amend her complaint to include additional incidents of harassment, the record shows that the [administrative judge] permitted Complainant to proceed with the presentation of her case, including evidence regarding additional incidents that involved the same identified management officials . . . . We find the [administrative judge's] Decision regarding Complainant's overall claim of harassment encompassed the additional incidents and that *those incidents were included in the presentation of Complainant's case in chief* in both the examination and cross-examination of witnesses who testified at the hearing in this case. We find *the [administrative judge's] Decision ultimately includes Complainant's original claim of harassment as augmented by additional incidents amended to the complaint in the course of the hearing*.

(DE 1-12 at 6) (emphasis added). Defendants do not point to any additional materials in the record that might elucidate the extent (or limitation) of claims submitted by plaintiff during the course of EEOC proceedings.

On the present showing, the court finds it premature to conclude that plaintiff has not exhausted administrative remedies as to all enumerated actions underlying her present retaliation claim. Where the administrative judge decision and the EEOC final decision suggests that additional allegations were made and considered, without specifying the contours of those allegations, further presentation of evidence may shed light on the exhaustion issue. As defendants have not yet shown that plaintiff's allegations of exhaustion are not true, Adams, 697 F.2d at 1219, defendants' Rule 12(b)(1) motion must be denied at this stage of the proceedings.

Accepting that all of plaintiff's allegations of retaliation properly are exhausted, the court turns next to consider whether the allegations sufficiently state a claim for retaliation. To establish a prima facie case of retaliation, a plaintiff must demonstrate that: (1) she engaged in protected activity; (2) an "materially adverse" employment action was taken against her; and (3) there was a causal link between the protected activity and the adverse action. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006); see Laber, 438 F.3d at 432. To be "materially adverse," the employer's actions must be such that they would have "dissuaded a reasonable worker from making

10

or supporting a charge of discrimination," and cannot be merely "petty slights or minor annoyances that often take place at work and that all employees experience." Burlington, 548 U.S. at 68.

In this case, the alleged actions considered together as set forth in the complaint may constitute a "materially adverse" employment action for purposes of stating a Title VII retaliation claim. See, e.g., id. at 71 (stating that "[r]etaliatory work assignments [are] a classic and widely recognized example of forbidden retaliation") (internal quotations omitted). Accordingly, the court holds that plaintiff has "'state[d] a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). As with plaintiff's ADEA claim, the court expresses no opinion on the merits of the claim, evidence of additional circumstances not raised in the complaint, nor on the viability of the claim in the event that some but not all of the alleged retaliatory acts are later determined not to be exhausted properly.

3. Hostile Work Environment Claim

In the M&R it is recommended that the court dismiss plaintiff's hostile work environment claim because plaintiff has not alleged an environment sufficiently severe or pervasive to establish such a claim. In her objection, plaintiff describes in detail her allegations regarding her working conditions, which allegations overlap substantially with those underlying the retaliation claim, and plaintiff contends these allegations are sufficient to meet the standard for a hostile work environment.

A Title VII violation for hostile work environment is established where the "workplace is permeated with discriminatory intimidation, ridicule, and insult[] that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotations omitted). The court must "determine whether an environment is sufficiently hostile or abusive by looking at

11

all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998) (internal quotations omitted). The Supreme Court has made it "clear that conduct must be extreme to amount to a change in the terms and conditions of employment." Id. at 788. In addition, harassment must be due to plaintiff's age or prior protected activity to be actionable under Title VII or the ADEA. See Pueschel v. Peters, 577 F.3d 558, 565 (4th Cir. 2009); Baqir v. Principi, 434 F.3d 733, 746 n.14 (4th Cir. 2006).

The incidents described by plaintiff, although potentially supporting a retaliation claim as discussed above, do not meet this exacting standard for a stand-alone hostile work environment claim. Alleged retaliatory events related to abrupt shifts in workload, reassignments, negative reviews, a supervisor's rejection of plaintiff's work product, mandatory meetings with a director, and a supervisor's occasional angry and agitated demeanor, are not sufficiently severe or pervasive to create an "abusive working environment." Harris, 510 U.S. at 21. Additional allegations that plaintiff's supervisor instructed plaintiff to feign being armed with a weapon when she made field calls, or used an alias, have no articulated connection to plaintiff's age or protected status, and thus are not actionable. See Pueschel, 577 F.3d at 565.

Accordingly, the court overrules plaintiff's objections, and plaintiff's hostile work environment claim will be dismissed.

4. Jury Trial Demand

Plaintiff asserts in her complaint a demand for jury trial on plaintiff's claims. (Compl. 20). Plaintiff moved on August 29, 2013, for a bench trial on her ADEA claim. (DE 31 at 20). Defendants also asserted in their memorandum in support of motion to dismiss that plaintiff only

12

is entitled to a bench trial on her ADEA claim. (DE 10 at 14). In their objections to the M&R, defendants note that the M&R did not address this issue and seek a "more definitive" ruling now from the court. (Defs.' Obj. at 10).

The ADEA does not provide a right to jury trial for ADEA claims asserted against the federal government. See Lehman v. Nakshian, 453 U.S. 156, 165 (1981) ("Congress did not intend to confer a right to trial by jury on ADEA plaintiffs proceeding against the Federal Government."); see also Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2531 (2013) (observing that "the federal-employment provisions of the ADEA, 29 U.S.C. § 633a," do not provide a "jury-trial right for claims against the Federal Government"). Accordingly, the court will strike plaintiff's jury trial demand as it relates to plaintiff's claim under the ADEA. The court finds it premature, however, to make further ruling concerning the setting of bench trial on the ADEA claim, or trial setting on plaintiff's remaining Title VII claim at this time. After the court has ruled on any additional dispositive motion(s) in this case, the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

## CONCLUSION

Based on the foregoing, upon *de novo* review of those portions of the M&R to which objections were raised, and upon clear error review of the remaining portions of the M&R, the court ADOPTS the recommendation of the magistrate judge. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART, as set forth herein. In particular, defendants' motion to dismiss part of plaintiff's retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(1) is DENIED WITHOUT PREJUDICE. Defendants' motion to dismiss plaintiff's ADEA and retaliation claim against defendant Lew pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED. Accordingly, plaintiff's ADEA and retaliation claim against defendant Lew are allowed

13

to proceed. All other claims against defendant Lew and all claims against the remaining defendants are DISMISSED under Federal Rule of Civil Procedure 12(b)(6). The court STRIKES plaintiff's demand for jury trial as to plaintiff's ADEA claim. The clerk is DIRECTED to continue management of this case.

    SO ORDERED this the 19th day of March, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge