IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-199-FL

| | | |
|---|---|---|
| NANNETTE F. BUCKNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JACOB LEW, Secretary, | ) | |
| Department of the Treasury, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is Plaintiff's Third Motion to Compel and Impose Sanctions [DE #87], the matter having been referred to the undersigned by United States District Judge Louise W. Flanagan for decision pursuant to 28 U.S.C. §636(b)(1)(A). A telephonic hearing was held in this matter on November 25, 2014, at which Plaintiff, Nannette F. Buckner, and Assistant United States Attorney Michael G. James, counsel for the defendant Secretary, Department of the Treasury, appeared.

In the motion presently before the court, Plaintiff complains that she has not received all disclosures ordered to be made by the government pursuant to the parties' agreement reached at the September 9, 2014, conference in this case. Specifically, Plaintiff asserts that on September 29, 2014, she received a letter and a CD-ROM that was purported to contain additional discovery materials but the CD-ROM contained no materials or index. On November 10, 2014, the government filed a response indicating that it had forwarded another CD-ROM and a printed copy of the material to plaintiff via express mail on November 10, 2014.

At the hearing of this matter, plaintiff acknowledged receipt of the materials sent by the government on November 10, 2014, but expressed concern about the completeness of the materials. The parties had previously agreed at the September 9, 2014, conference that the government would conduct a search for any emails concerning the selection process and the agency's selection decision during the period commencing with the date of the agency's posting of the job announcement and continuing through and including ninety days after the agency's selection decision. Plaintiff indicated that she did not believe she had received all emails for the relevant time period because the last email she received was dated June 12, 2008. Plaintiff also asserted there should have been emails responsive to the request to or from Keisha Clark Proctor.

After having considered the parties' respective arguments, the court orally ordered the government to provide a declaration from the appropriate government official concerning the efforts made by the agency to search for responsive documents in accordance with the parties' agreement and this court's September 9, 2014, order, and the results of any search made. On December 1, 2014, the government filed a response to the court's order, including a declaration from agency counsel indicating that the agency had conducted a search for emails concerning the selection process and the agency's selection decision for the period of April 1, 2008, through May 31, 2008. (Response [DE #92].) On December 5, 2014, Plaintiff objected to the search parameters used by the agency, arguing that the parties had agreed the agency would search for and produce any responsive documents for a period of ninety days following the date of agency's selection decision, or through July 9, 2008. (Reply [DE #93].) On December 11, 2014, the government filed a notice informing the court that it had provided Plaintiff with emails "that are inclusive of the timeframe" requested by Plaintiff. (Notice [DE #94].)

2

It appearing to the court that the matters at issue in Plaintiff's Third Motion to Compel and Impose Sanctions have been resolved by the parties, the court hereby DISMISSES Plaintiff's [DE #87] motion as moot.

This 17th day of December 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge